UNITED STATES of America,

v.

Timothy BARHAM, a/k/a Terrell Ganes, Appellant.

Nos. 08–1526, 09–1873.

United States Court of Appeals, Third Circuit.

Submitted Jan. 27, 2011.

Filed: March 21, 2011.

Karen M. Klotz, Esq., Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Bernard L. Siegel, Esq., Philadelphia, PA, for Appellant.

Before: FUENTES, CHAGARES, and ROTH, Circuit Judges.

OPINION OF THE COURT

CHAGARES, Circuit Judge.

Timothy Barham appeals his conviction on the ground that sufficient evidence was not provided to the jury to convict him of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). For the reasons that follow, we affirm the judgment of conviction.

I.

We write for the parties' benefit and recite only the facts essential to our disposition. Because this appeal comes to us

following a jury's guilty verdict, we set forth the facts in the light most favorable to the Government.

In the late evening of February 8, 2005, Timothy Barham was standing outside of Georgette's Bar in Philadelphia with a group of people. Upon receiving complaints about narcotic sales and gambling taking place outside of the bar, Officers Forbes and Gantz drove to the bar and instructed the group of men outside to either leave or return to the bar. About fifteen minutes later, Officers Forbes and Gantz returned to the bar to find the crowd of men still outside. The officers again instructed the men to disperse. Some of the men returned to the bar, while others walked away. The officers observed that Barham appeared nervous, grabbed the front waistband of his pants and instead of walking away, began to run.

Suspecting that Barham was in possession of contraband, Officer Forbes ordered Barham to stop. When Barham refused, Officer Forbes pursued Barham on foot, while Officer Gantz followed in the patrol car. As he fled, Barham continued to hold the waistband of his pants. Approaching the end of an alley, Barham climbed onto an oil drum, jumped over a fence, and landed in a yard. Only a few strides behind Barham, Officer Forbes, with a flashlight in his hand, also climbed onto the oil drum and jumped over the fence. At the top of the fence, Officer Forbes observed Barham remove a gun from his waistband and throw it into the yard. Officer Forbes then recovered the firearm, a Beretta nine-millimeter semiautomatic pistol with ten live rounds of ammunition. After discarding the gun, Barham was apprehended by Officer Gantz. Barham was arrested and subsequently charged with possession

of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g)(1).

On July 20, 2007, Barham proceeded to trial and Officer Forbes and Gantz testified to the jury regarding the events that led to the discovery of the firearm. On July 23, 2007, the jury found Barham guilty of possession of a firearm by convicted felon. On March 20, 2009, the District Court sentenced Barham to 235 months in prison. On March 25, 2009, Barham filed a notice of appeal.[1]

## II.

Barham argues that the evidence presented at his trial was not sufficient to sustain his conviction because the testimony of Officers Forbes and Gantz was "so contradictory and unbelievable as to warrant the conclusion that any verdict premised on it was the product of speculation rather than reason." Barham Br. at 6. Since Barham failed to raise a sufficiency-of-the-evidence claim before the District Court, we will review for plain error. *United States v. Miller*, 527 F.3d 54, 62 (3d Cir.2008). "A conviction based on insufficient evidence is plain error only if the verdict 'constitutes a fundamental miscarriage of justice.'" *United States v. Thayer*, 201 F.3d 214, 219 (3d Cir.1999) (quoting *United States v. Barel*, 939 F.2d 26, 37 (3d Cir.1991)).

Barham only raises an insufficient evidence claim as to whether he knowingly possessed a firearm. He argues that there was no evidence to corroborate Officer Forbes's account that he jumped onto an oil drum, over a fence while holding a flashlight and then was able to see Barham throw a gun in the yard. Specifically, Barham notes that there were no photo-

1. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

graphs presented that contained depictions of the oil drum.

We conclude that Barham's sufficiency-of-the-evidence claim is not supported by the trial record. The testimony of Officer Forbes alone is sufficient to support the jury's verdict that Barham knowingly possessed a firearm. Officer Forbes testified in detail about why the officers were at the bar, Barham's suspicious behavior, the chase and his eyewitness observations of Barham removing the firearm from his waist and throwing it in the yard. Additionally, Officer Forbes reasonably explained why photographs of the oil drum were not taken and how he was able to jump the fence with a flashlight in his hand. Appendix at 69–70, 72, 76–77.

In addition to Officer Forbes's testimony, the verdict was also supported by corroborating evidence. For instance, the testimony at trial of Officer Gantz confirmed the account of Officer Forbes. The recovery of the Beretta nine-millimeter semiautomatic pistol in the yard where Officer Forbes observed Barham throw a firearm also supported his testimony. Additionally, the jury heard testimony indicative of Barham's guilt, including his flight from police after being ordered to stop and the stipulation that Barham provided false identification information to police when arrested.

Therefore, we conclude that sufficient evidence was presented at trial for the jury to conclude that Barham knowingly possessed a firearm as a convicted felon. As such, his conviction did not constitute a fundamental miscarriage of justice.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.